UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE

| | |
|---|---|
| PACE INDUSTRY UNION-MANAGEMENT PENSION FUND and its TRUSTEES: STAN JOHNSON, RON HACKNEY, JON GEENEN, DALE OLSON, GARY BEEVERS, TIMOTHY SUDELA, JAMES KIDDER, and LISA SILVERMAN, <br><br> USW INDUSTRY 401(K) FUND and its TRUSTEES: STAN JOHNSON, RON HACKNEY, JON GEENEN, DALE OLSON, GARY BEEVERS, TIMOTHY SUDELA, JAMES KIDDER, and LISA SILVERMAN, <br><br> 3320 Perimeter Hill Drive <br> Nashville, TN 37211-4123 <br><br> Plaintiffs, <br><br> v. <br><br> EXCELSIOR WEST PACKAGING <br><br> Defendant. | Case No. 3:09-cv-718 <br> Judge Haynes |

**FIRST AMENDED COMPLAINT**

Plaintiffs, by counsel, hereby complain of Excelsior West Packaging (hereinafter referred to as "Defendant") as follows:

**Jurisdiction and Venue**

1. Jurisdiction of this Court arises pursuant to 28 U.S.C. §§ 1331 and 1337 (federal questions and commerce) and Section 502 of the Employee Retirement Income

1

Security Act of 1974 ("ERISA"), as amended, 29 U.S.C. § 1132(e)(1) and Section 301 of the Labor Management Relations Act of 1948 ("LMRA"), 29 U.S.C. §185.

2. Venue is proper in this district pursuant to 28 U.S.C. § 1391 and Section 502(e)(2) of ERISA, 29 U.S.C. § 1132(e)(2).

## Parties and Background

3. Plaintiff PACE Industry Union-Management Pension Fund (the "Pension Fund") is a multi-employer employee benefit plan within the meaning of Section 3(3) and 3(37) of ERISA, 29 U.S.C. § 1002(3) and 1002(37).

4. Plaintiffs Stan Johnson, Ron Hackney, Jon Geenen, Dale Olson, Gary Beevers, Timothy Sudela, James Kidder, and Lisa Silverman are Trustees of the Fund (collectively, the "Trustees"). The Trustees are fiduciaries of the Pension Fund within the meaning of Section 3(21) of ERISA, 29 U.S.C. §1002(21). The Pension Fund is administered in Nashville, Tennessee. The Trustees bring this action on behalf of the Pension Fund and its participants and beneficiaries pursuant to Section 502 of ERISA, 29 U.S.C. § 1132, and Section 301 of the LMRA, 29 U.S.C. § 185.

5. Plaintiff USW Industry 401(k) Fund (the "401(k) Fund") is a multi-employer employee benefit plan within the meaning of Section 3(3) and 3(37) of ERISA, 29 U.S.C. § 1002(3) and 1002(37).

6. Plaintiffs Stan Johnson, Ron Hackney, Jon Geenen, Dale Olson, Gary Beevers, Timothy Sudela, James Kidder, and Lisa Silverman are Trustees of the Fund (collectively, the "Trustees"). The Trustees are fiduciaries of the 401(k) Fund within the meaning of Section 3(21) of ERISA, 29 U.S.C. §1002(21). The 401(k) Fund is administered in Nashville, Tennessee. The Trustees bring this action on behalf of the

401(k) Fund and its participants and beneficiaries pursuant to Section 502 of ERISA, 29 U.S.C. § 1132, and Section 301 of the LMRA, 29 U.S.C. § 185.

6. On information and belief, Defendant, Excelsior West Packaging, is a corporation organized under the laws of the State of Washington with a primary place of business at 3807 SE Hidden Way, Vancouver, WA 98661.

7. Defendant and USW Local 171, have been at all times pertinent to this action, parties to one or more collective bargaining agreements ("Agreements") obligating Defendant to make monthly payments to the Pension Fund and the 401(k) Fund for all employees covered by the Agreements.

## COUNT I
### DELINQUENT CONTRIBUTIONS OWED
### TO THE 401(K) FUND UNDER ERISA

8. Plaintiffs incorporate Paragraphs 1 through 7 as if stated herein.

9. Defendant is a party to a Standard Form of Agreement for Participation in the 401(k) Fund ("Participation Agreement"). The terms of the Participation Agreement obligate the Defendant to be bound by the terms and provisions of the 401(k) Fund's Agreement and Declaration of Trust ("Trust Agreement"), including all amendments thereto.

10. The Trust Agreement of the 401(k) Fund requires the Defendant to submit monthly remittance reports and pension contributions to the 401(k) Fund.

11. The Trust Agreement of the 401(k) Fund further requires the Defendant to submit to periodic audits by the 401(k) Fund's auditors to ensure that its monthly reporting is accurate. Under the terms of the Trust, the employer is obligated to reimburse the 401(k) Fund for the costs of conducting audits.

12. In September 2007, the 401(k) Fund conducted a payroll audit through which the 401(k) Fund determined that the Defendant owes the Fund $8,000.74 in pension contributions for the months of January 2003 through December 2006.

13. Defendant also is liable under the 401(k) Fund's Trust Agreement for audit costs in the amount of $2,045.18.

14. By the foregoing conduct, the Defendant violated Section 515 of ERISA, 29 U.S.C. § 1145.

15. Under § 502(g)(2) of ERISA, the 401(k) Fund is entitled to recover interest, liquidated damages, and attorney's fees as part of its recovery for violations of § 515.

16. Interest on the total amount of unpaid contributions owed to the 401(k) Fund in paragraph 12 is accruing from the date due and continuing until payment is received, and as of the date of this filing is due in the amount of no less than $1,673.

17. Liquidated damages are owed as required by ERISA Section 502(g)(2), 29 U.S.C. § 1132(g)(2) in the total amount of $1,673.

18. Defendant is indebted to the Fund in the minimum amount of $13,391.92 plus interest that accrues during the pendency of this case, and attorney's fees and costs.

## COUNT II
### DELINQUENT CONTRIBUTIONS OWED TO THE PENSION FUND UNDER ERISA

19. Plaintiffs incorporate Paragraphs 1 through 18 as if stated herein.

20. Defendant is a party to a Standard Form of Agreement for Participation in the PACE Industry Union-Management Pension Fund ("Participation Agreement"). The terms of the Participation Agreement obligate the Defendant to be bound by the terms and provisions of the Pension Fund's Agreement and Declaration of Trust ("Trust Agreement"), including all amendments thereto.

21. The Trust Agreement of the Pension Fund requires the Defendant to submit monthly remittance reports and pension contributions to the Pension Fund.

22. The Trust Agreement of the Pension Fund further requires the Defendant to submit to periodic audits by the Pension Fund's auditors to ensure that its monthly reporting is accurate. Under the terms of the Trust, the employer is obligated to reimburse the Pension Fund for the costs of conducting audits.

23. In September 2007, the Pension Fund conducted a payroll audit through which the Pension Fund determined that the Defendant owes the Pension Fund $19,882.06 in pension contributions for the months of January 2003 through December 2006.

24. Defendant also is liable under the Pension Fund's Trust Agreement for audit costs in the amount of $2,832.32.

25. In addition, Defendant failed to pay and therefore owes contributions to the Pension Fund in the amount of $231,744.13 for the months of September and December 2007, July and August 2008, January 2009, and March 2009 through January 2010, plus interest and liquidated damages.

26. By the foregoing conduct, the Defendant violated Section 515 of ERISA, 29 U.S.C. § 1145.

27. Under § 502(g)(2) of ERISA, the Pension Fund is entitled to recover interest, liquidated damages, and attorney's fees as part of its recovery for violations of § 515.

28. Interest on the total amount of unpaid contributions owed to the Pension Fund in paragraphs 23 and 25 is accruing from the date due and continuing until payment is received, and as of the date of this filing is due in the amount of no less than $14,740.95.

29. Liquidated damages of twenty percent (20%) of the delinquent amounts described in Paragraphs 23 and 25 are owed as required by ERISA Section 502(g)(2), 29 U.S.C. § 1132(g)(2) in the total amount of $50,325.24.

30. Under 502(g)(2) of ERISA, Defendant is indebted to the Pension Fund in the minimum amount of $319,524.70, plus interest that accrues during the pendency of this case, and attorney's fees and costs.

**WHEREFORE**, Plaintiffs pray that the Court:

A. Order the Defendant to pay to the 401(k) Fund and the Pension Fund:

(1) the sum of all delinquent payments;

(2) interest on all amounts due, from the dates they become due and owing as required by Section 502(g)(2) of ERISA, 29 U.S.C. § 1132(g)(2);

(3) attorneys' fees and other costs and disbursements in this action as required by ERISA Section 502(g)(2), 29 U.S.C. § 1132(g)(2);

(4) liquidated damages of twenty percent (20%) of the delinquent amounts as required by ERISA Section 502(g)(2), 29 U.S.C. § 1132(g)(2);

(5) costs of the audit due under the Trust Agreement; and

(6) additional amounts which may become delinquent during the pendency of this action or which become ascertainable based on the Funds' review of the Defendant's employment records.

6
Case 3:09-cv-00718 Document 17 Filed 08/03/10 Page 6 of 8 PageID #: 41

B.  Order the Defendant to provide monthly remittance reports to the Funds.

C.  Restrain and enjoin the Defendant, its officers, agents, servants, attorneys, successors, assigns and all persons acting on its behalf or in conjunction with it from:

  (1)  refusing to timely file remittance reports due the Funds for all periods for which the Defendant is obligated to file such reports under the terms of a collective bargaining agreement;

  (2)  failing or refusing to submit to an audit by the Funds of its payroll records and other documents relevant to determining all the amounts of contributions it owes as required by plan documents and the collective bargaining agreement;

  (3)  failing or refusing to furnish information reasonably determined by the Fund to be necessary to enable the Funds to comply with the requirements of the MPPAA, including assessing withdrawal liability against the Defendant; and

  (4)  failing or refusing to pay to the Plaintiffs all amounts, including contributions, late fees, interest, liquidated damages and costs due to the Trust for which the Defendant is obligated to make payments under the terms of the collective bargaining agreement;

D.  Retain jurisdiction of this case pending compliance with its Orders;

E.  Grant such other and further relief as the Court may deem just.

Respectfully submitted,

/s/Michael Hamilton
Michael Hamilton (Bar # 010270)
PROVOST UMPHREY, LLP
2021 Richard Jones Rd.
Suite 300
Nashville, Tennessee 37215
(615) 242-0199 (tel)
(615) 256-5922 (fax)

Allison A. Madan
Sarah G. Naji
SLEVIN & HART, P.C.
1625 Massachusetts Avenue, NW, Suite 450
Washington, D.C. 20036

7
Case 3:09-cv-00718   Document 17   Filed 08/03/10   Page 7 of 8 PageID #: 42

(202) 797-8700 (tel)
(202) 234-8231 (fax)

Counsel for Plaintiffs

A copy of this Complaint will be served upon the Secretary of Labor and the Secretary of the Treasury by certified mail, as required by Section 502(h) of ERISA, 29 U.S.C. § 1132(h).

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing Plaintiffs' First Amended Complaint was served this 3rd day of August, 2010 via regular mail, postage prepaid on:

>Debbie Fradenberg
>Excelsior West Packaging
>3807 S.E. Hidden Way
>Olympia, Washington 98661

/s/Michael Hamilton\_\_\_\_\_